[796 NYS2d 551]

In the Matter of JAMES P. PULITO, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, June 20, 2005

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse,* Brooklyn (*Michele Martino* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By judgment and order of the Supreme Court of Arizona dated January 10, 2005, the respondent was suspended from the practice of law in that state for a period of one year, based upon a finding, inter alia, that he charged a fee for work not performed, and failed to abide by the client's decision concerning the scope and objectives of his representation of the client.

On February 22, 2005, pursuant to the respondent's authorization, the petitioner served the respondent by regular mail, at his address in Phoenix, Arizona, with a notice pursuant to 22 NYCRR 691.3 (d). The notice informed the respondent of his right to interpose certain enumerated defenses to the imposition of discipline in New York. The potential defenses available to him are that the procedure in the foreign jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process, that there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistent with its duties, accept as final the finding of the court in the foreign jurisdiction, or that the imposition of discipline by this Court would be unjust. The respondent was also advised of his right, within 20 days of service of the notice, to file a verified statement setting forth any of the defenses to the charges which led to his suspension as enumerated in 22 NYCRR 691.3 (c).

Inasmuch as the respondent has failed to assert any of the defenses to the imposition of reciprocal discipline and has not demanded a hearing, no impediment exists to the imposition of discipline upon him in New York at this juncture.

Under the totality of circumstances, the respondent is suspended for a period of one year with leave to apply for reinstatement upon proof that he has been reinstated to practice law in Arizona, and that he has registered as an attorney in New York State and is current with his Office of Court Administration obligations.

PRUDENTI, P.J., FLORIO, H. MILLER, SCHMIDT and ADAMS, JJ., concur.

Ordered that the motion is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3 the respondent, James P. Pulito, is suspended from the practice of law for a period of one year, commencing July 21, 2005, and continuing until the further order of this Court, with leave to the respon-

dent to apply for reinstatement no sooner than six months prior to the expiration of the said period of one year upon furnishing satisfactory proof that during that period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), and (3) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, James P. Pulito, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, James P. Pulito, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).